UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| K. BABBITT,<br><br>    Plaintiff,<br><br> v.<br><br>COMMISSIONER OF SOCIAL SECURITY,<br><br>    Defendant. | Case No. C23-1245-SKV<br><br>ORDER REVERSING THE COMMISSIONER'S DECISION |

Plaintiff seeks review of the denial of her application for Disability Insurance Benefits (DIB). Having considered the ALJ's decision, the administrative record (AR), and all memoranda of record, the Court **REVERSES** the Commissioner's final decision and **REMANDS** the matter for further administrative proceedings under sentence four of 42 U.S.C. § 405(g).

## BACKGROUND

Plaintiff was born in 1971, AR 201, has some college education, AR 218, and has worked at a call center and as a massage therapist, AR 218. Plaintiff was last gainfully employed in 2020. AR 195.

In September 2020, Plaintiff applied for benefits, alleging disability as of March 31, 2020. AR 185–86. Plaintiff's applications were denied initially and on reconsideration, and Plaintiff requested a hearing. AR 88–94, 96–102. After the ALJ conducted a hearing on August 23, 2022, the ALJ issued a decision finding Plaintiff not disabled. AR 12–33.

## THE ALJ'S DECISION

Utilizing the five-step disability evaluation process,[1] the ALJ found:

**Step one**: Plaintiff has not engaged in substantial gainful activity since March 31, 2020, the alleged onset date.

**Step two**: Plaintiff has the following severe impairments: anxiety disorder; depressive disorder; and migraine disorder.

**Step three**: These impairments do not meet or equal the requirements of a listed impairment.[2]

**Residual Functional Capacity**: Plaintiff can perform a full range of work at all exertional levels but with the following non-exertional limitations: she is capable of simple routine task work; she can have superficial and occasional contact with the general public; she can work in the same room with coworkers but she should not work in coordination with coworkers; she can interact occasionally with supervisors; and she can adapt to simple, occasional workplace changes.

**Step four**: Plaintiff cannot perform past relevant work.

**Step five**: As there are jobs that exist in significant numbers in the national economy that Plaintiff can perform, Plaintiff is not disabled.

AR 17–28.

The Appeals Council denied Plaintiff's request for review, making the ALJ's decision the Commissioner's final decision. AR 1–6. Plaintiff appealed the final decision of the Commissioner to this Court. Dkt. 1.

/ / /

---

[1] 20 C.F.R. §§ 404.1520, 416.920.
[2] 20 C.F.R. Part 404, Subpart P., App. 1.

ORDER REVERSING THE COMMISSIONER'S
DECISION - 2

# LEGAL STANDARDS

Under 42 U.S.C. § 405(g), this Court may set aside the Commissioner's denial of social security benefits when the ALJ's findings are based on harmful legal error or not supported by substantial evidence in the record as a whole. *Bayliss v. Barnhart*, 427 F.3d 1211, 1214 (9th Cir. 2005). As a general principle, an ALJ's error may be deemed harmless where it is "inconsequential to the ultimate nondisability determination." *Molina v. Astrue*, 674 F.3d 1104, 1115 (9th Cir. 2012) (cited sources omitted). The Court looks to "the record as a whole to determine whether the error alters the outcome of the case." *Id*.

Substantial evidence is "more than a mere scintilla. It means - and means only - such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Biestek v. Berryhill*, 139 S. Ct. 1148, 1154 (2019) (cleaned up); *Magallanes v. Bowen*, 881 F.2d 747, 750 (9th Cir. 1989). The ALJ is responsible for evaluating symptom testimony, resolving conflicts in medical testimony, and resolving any other ambiguities that might exist. *Andrews v. Shalala*, 53 F.3d 1035, 1039 (9th Cir. 1995). While the Court is required to examine the record as a whole, it may neither reweigh the evidence nor substitute its judgment for that of the Commissioner. *Thomas v. Barnhart*, 278 F.3d 947, 954 (9th Cir. 2002). When the evidence is susceptible to more than one rational interpretation, it is the Commissioner's conclusion that must be upheld. *Id.*

# DISCUSSION

Plaintiff argues the ALJ erred by discounting Plaintiff's testimony and that of Plaintiff's husband, as well as by rejecting certain medical opinion evidence. The Commissioner argues the ALJ's decision is free of harmful legal error, supported by substantial evidence, and should be affirmed.

### A.   The ALJ Erred in Discounting Plaintiff's Testimony.

The ALJ found Plaintiff's testimony not credible on the ground that it was not supported by objective findings in treatment notes from Plaintiff's routine appointments. AR 20–24. In so finding, the ALJ summarized mental status examination findings from Plaintiff's telehealth appointments between February 2020 and June 2022, noting Plaintiff's mood was almost always dysphoric and/or anxious, but that Plaintiff was otherwise cooperative, pleasant, alert, and oriented, with logical and goal directed thought process, normal memory and concentration, and good insight and judgment. AR 20–23. From this, the ALJ concluded that "[t]hese often normal findings and observations . . . do not corroborate the severity or frequency of the claimant's allegations and suggest that she retains greater functional capacity than alleged." AR 23. The ALJ further noted that "while the claimant has alleged severe anxiety when around others, the record suggests that [her] anxiety symptoms are not as severe as alleged as shown by, for example, the claimant's ability to travel and her testimony that does not suggest a history of significant disputes with coworkers (hearing)." AR 23.

Absent evidence of malingering, an ALJ must provide clear and convincing reasons to discount a claimant's testimony. *Burrell v. Colvin*, 775 F.3d 1133, 1136–37 (9th Cir. 2014).

Plaintiff argues the ALJ failed to provide clear and convincing reasons for discounting her testimony because the ALJ selectively cited normal mental status examination findings from treatment notes while failing to acknowledge or address findings that corroborated Plaintiff's symptom testimony. Dkt. 10 at 5–15. Plaintiff further argues that the ALJ erred by failing to consider the fact that nearly all of the appointments described by the ALJ were conducted via telehealth, meaning Plaintiff could do them from home where she felt more comfortable and less symptomatic. *Id.* at 7 (citing AR 424–505, 506–42, 479–625, 626–43). The Court agrees.

The ALJ cited relatively normal mental status examination findings from treatment notes spanning a multi-year period to support her finding that the severity of Plaintiff's reported symptoms was out of proportion with the longitudinal record.  AR 20–23.  Those same treatment notes, however, often contained findings that largely supported Plaintiff's testimony, which the ALJ failed to acknowledge or address.  *See, e.g.*, AR 471 (describing physical symptoms of anxiety and an incident where Plaintiff had to pull over while driving to avoid a panic attack); 485 (reporting that Plaintiff only felt relief from anxiety when she was able to stay home and limit contact with other people); 493 (discussing continued negative impacts of anxiety symptoms); 495 (same); 499 (reporting a "meltdown," but noting Plaintiff was able to de-escalate the incident because she was at home); 512 (noting areas where Plaintiff appeared to be anxiously picking her skin); 518 (reporting "brutal" anxiety the past few days and that Plaintiff was in danger of "crashing" during appointment); 520 (rating anxiety as an "8 out of 10" and describing how Plaintiff becomes very anxious when people come over); 537 (reporting anxiety and depression are still "high" and that Plaintiff does not feel like medications are helping; describing a "meltdown" where Plaintiff threw her phone as hard as she could).

Numerous other treatment notes likewise supported the severity of the symptoms alleged by Plaintiff, which the ALJ also failed to acknowledge or address.  *See, e.g.*, AR  441–45 (crisis contact, suicidal thoughts); 453 (unable to cope with physical feelings of anxiety, including nausea and tension); 461 (still highly anxious, worried about Covid, and experiencing increased agoraphobia); 465 (discussing increased anxiety about family safety and describing "bipolar meltdown" in which Plaintiff became enraged); 467 (describing panic attack after receiving notice that insurance would be discontinued and ongoing struggles with anxiety); 479 (struggling after three weeks back at work; describing anxiety attack; tearful on examination); 481

(struggling with anxiety and depressive symptoms, hypersomnia, recent episode of being out of control, and unable to think rationally); 483 (ongoing anxious mood, using Klonopin to manage excess anxiety); 508 (describing ongoing anxiety and depression; feeling "so anxious" and experiencing increased anxiety going out of the house and seeing people); 510 (describing incident where anxiety "skyrocket[ed]" and Plaintiff could not stop crying); 526 (ongoing surges of anxiety); 528 (continued increase in anxiety and depression symptoms); AR 530 (mood "spiraling"; experiencing increased anxiety and irritability; Plaintiff had to leave work early to manage her anxiety and reported becoming angry at home and throwing and breaking things); 532 (reporting increased irritability, muscle tension, and face picking); 534 (same); 539 (describing mood as "terrible" and reporting need to increase medications to address heightened anxiety; noting increased face picking); 585 (reporting recent increase in anxiety; anxiety currently an "8 out of 10"); 636 (describing spike in anxiety symptoms after implementing medication change; struggle with obsessive thoughts); 638 (describing need to cancel leisure activity due to anxiety, panic, and obsessive thoughts); 664 (reporting need to leave family Thanksgiving gathering early due to overstimulation).

      While the ALJ noted that Plaintiff's ability to travel undermined certain of her allegations of debilitating anxiety, AR 23, this does not constitute substantial evidence in support of the ALJ's decision when considered against the voluminous record corroborating Plaintiff's allegations, which the ALJ failed to address. Moreover, while later treatment notes indicate an improvement in Plaintiff's symptoms, *see, e.g.*, AR 605, 610, 682, 700, 724, 730, the ALJ did not discuss this improvement or discount Plaintiff's testimony on that basis. In reviewing the ALJ's decision, the Court must rely on the reasons articulated by the ALJ and may not fashion its own reasons to affirm. *Revels v. Berryhill*, 874 F.3d 648, 654 (9th Cir. 2017).

Thus, by only relying on portions of treatment notes that supported finding Plaintiff not disabled and failing to discuss or address treatment notes that corroborated Plaintiff's allegations, the ALJ erred in discounting Plaintiff's testimony.

### B. The ALJ Erred in Discounting Lay Witness Testimony.

Plaintiff's husband submitted a third-party adult function report indicating Plaintiff experienced episodes where she became "irritable, angry, emotional, withdrawn, depressed, [and] weak[,]" AR 249, and that these episodes would cause her to "sweat, shake, and become irrational[,] . . . retreat into a room and not want to come out, or just want to go to sleep[,]" AR 248. As with Plaintiff's testimony, the ALJ discounted these statements based on their inconsistency with the mental status examination findings in the longitudinal record. AR 26. Because the Court finds that the ALJ erred in discounting Plaintiff's testimony on this ground, it likewise finds that the ALJ erred in discounting Plaintiff's husband's statements on this ground.

### C. The ALJ Erred in Rejecting Medical Opinion Evidence.

In finding Plaintiff not disabled, the ALJ considered opinions from Dr. Vincent Gollogly, Ph.D., a state medical consultant, and Danielle Waldron, A.R.N.P., a treating provider. Dr. Gollogly opined that Plaintiff was "capable of performing simple routine tasks" over the course of a normal work week, but that she may miss days of work "intermittently" due to psychological symptoms. AR 80. A.R.N.P. Waldron opined that Plaintiff had marked limitations in the "B" criteria, would be off task twenty-five percent of the time due to her symptoms, and would be absent from work once a week. AR 543–49. The ALJ found both opinions unpersuasive on the ground that they were "out of proportion to the longitudinal record." AR 25 (citing AR 509, 521, 537, 593, 686).

Under regulations applicable to this case, the ALJ is required to articulate the persuasiveness of each medical opinion, specifically with respect to whether the opinions are supported and consistent with the record. 20 C.F.R. § 404.1520c(a)-(c). An ALJ's consistency and supportability findings must be supported by substantial evidence. *See Woods v. Kijakazi*, 32 F.4th 785, 792 (9th Cir. 2022).

Plaintiff argues the ALJ erred in rejecting both opinions because, in finding them inconsistent with the longitudinal record, the ALJ failed to acknowledge the abnormalities and difficulties described in the record that supported both opinions. Dkt. 10 at 16–17. The Court agrees. As with Plaintiff's testimony, in discounting the medical opinion evidence, the ALJ failed to acknowledge or address the abnormal findings contained in the record that supported both opinions, and instead focused solely on Plaintiff's relatively normal mental status examination findings. This was in error. Because the ALJ failed to consider contrary evidence, her decision is not supported by substantial evidence.

## CONCLUSION

For the reasons set forth above, the Commissioner's final decision is **REVERSED** and this case is **REMANDED** for further administrative proceedings under sentence four of 42 U.S.C. § 405(g). On remand, the ALJ should reevaluate Plaintiff's testimony and the lay witness evidence, reevaluate the medical opinions of Dr. Vincent Gollogly, Ph.D., and Danielle Waldron, A.R.N.P, develop the record as needed, and proceed to the remaining steps of the disability evaluation process as appropriate.

Dated this 20th day of February, 2024.

S. KATE VAUGHAN
United States Magistrate Judge